BRITT v. LUMBER CO.

(Filed October 11, 1904).

WILLS—*Legacies and Devises.*

> Where a testator by his will provided, "I will and bequeath to my daughter N. and heirs my farm on Railey's branch, known as the 'Peter Anders place,' which said place I lend to my daughter N., but not subject to any debts she and her husband may contract, but to be *bona fide* the property of her lawful heirs," his daughter took a fee-simple estate.

ACTION by S. H. Britt and others against the Rowland Lumber Company, heard by *Judge G. S. Ferguson,* at May Term, 1904, of the Superior Court of SAMPSON County. From a judgment for the plaintiffs the defendant appealed.

*George E. Butler,* for the plaintiffs.
*H. A. Grady,* for the defendant.

CLARK, C. J. The plaintiff's right to recover depends upon the construction of clause 10 of the will of Bryant Daughtery, which is as follows: "I will and bequeath to my daughter, Nancy Turnage, and heirs, my farm on Railey's branch, known as the Peter Anders place, which said place I lend to my daughter, Nancy, but not subject to any debts she and her husband may contract, but to be *bona* fide the property of her lawful heirs."

This action is brought by the heirs of Nancy Turnage to recover damages from the defendant for cutting down and carrying away the timber, which was conveyed by her deed to those under whom the defendant claims. The plaintiffs claim that Nancy Turnage had only a life estate in the land and had no right to sell the growing timber thereon.

If the devise had stopped at the word "place," it is clear

that Nancy took a fee-simple. The subsequent attempt to withdraw it from liability for her debts was inartificially done and of no effect. It might have been done by leaving the estate to a trustee to pay her the income with the remainder over, but this was not done, and the contrary intent was shown by the devise thereof already made to her in fee. The added words "to be *bona fide* the property of her lawful heirs" but expressed the result expected and intended by the testator from the provision that the property should not be subject to her debts.

But if it could be taken that the exemption of the property from liability for the debts of Nancy was properly conferred, still *quacunque via* she took a fee, for the rule in Shelley's case would apply and carried a fee-simple to Nancy, as will be seen by comparing the rule with this devise to "her and heirs, not subject to her debts, but lent to her and then to be the *bona fide* property of her heirs." This is at most (discarding the first part of the clause which carries a fee-simple) a devise to her for life with remainder to her heirs.

The origin of the rule is given in 2 Blk., 172, and the rule itself is thus stated by Coke, 1 Rep., 104a: "When the ancestor by any gift or conveyance takes an estate of freehold, and in the same gift or conveyance an estate is limited, mediately or immediately, to his heirs in fee or in tail, always in such cases the words 'the heirs' are words of limitation of the estate, and not words of purchase." And this is a strict rule of law which cannot be prevented by expression of intention to the contrary—say all the authorities. In holding therefore that Nancy Turnage did not take a fee-simple, there was

Error.